Job.se Ge a bam
delivered the opinion of the Court.
Field having an execution against the estate of Deatley, caused it to be levied on certain slaves in the possession of Jemima Deatley, who claiming the slaves to be her property and not subject to the levy of the execution, instituted this action of replevin for them. The proof is that Washington Deatly and Griggs were largely indebted to Field; Clarke and Powell were Deatley’s sureties. To indemnify them as such, he mortgaged to them the slaves in contest. Whether at the time of the mortgage the slaves were claimed to be his property, or that of his mother, does not clearly appear; but from his statement that he supposed his mother knew of the mortgage, and did not object to it, it may be inferred they were hers, or at least claimed by her. After the mortgage, W. Deatley, who states that he was in debt to his mother $300, d.id, at her request, advance said sum of money to purchase the negroes for the mother. The money was placed in the hands- of Prather, who made the purchase of the slaves of the mortgagees for Mrs. Deatley, and the negroes remained in her possession from that time, some six or seven years since, up to the time of the levy. Two hundred and fifty, dollars of this money was appropriated to paying that much of the debt due to Field from Deatley and Griggs, and Field received the money knowing it had been received for the sale of the negroes. We deem it unnecessary to detail all the evidence, inasmuch as that already mentioned is sufficient to test the propriety of the third instruction given by the Court to the jury. That instruction is, “that if the jury believed that the money which Prather paid for said negroes went to the. *5 payment so far of the debt of Field against Deatley and Griggs, then Field was estopped to deny the validity of the sale from Clark to Mrs. Deatley, .provided Field knew the money which he was receiving, was received of Mrs. Deatley on the sale of said negroes.”
Though the have been'suffi¡hefiVdíngofüie jury, yet if the instructions poi™SinP°issue he^set aside,
Daniel Sudduth for plaintiff; Apperson for defendant.
We do not concur in that conclusion. If the slaves were in fact the property of Washington Deatley, or if the purchase was made by his mother for him, or were held by her in secret trust for him thereby to avoid the payment of his debts, or hinder and delay his creditor in the collection of his debt, then the creditor should be permitted to treat the slaves as his debtor’s property, and cannot be estopped from so doing by a knowledge of the fact that the money was received from Mrs. Deatley. It may be that the facts proved would have authorised the jury to find for the plaintiff without that instruction; but as that is not certain, and as the instruction given, withdrew from the jury the question of the right of property, we think the Court erred in giving it, and ought to have granted a new trial as moved for by the defendant.
The judgment of the Circuit Court is therefore reversed and the cause remanded with directions to set aside the verdict and judgment, and to award to the defendant Field a new trial of the case without payment of costs.